RIVERA, PETICIONARIO, *v.* SEPÚLVEDA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de Mayagüez.

No. 106.—Resuelto en noviembre 4, 1913.

CERTIORARI—ALEGACIÓN DE HECHOS EN LA SOLICITUD NO COMPROBADOS.—La alegación en una solicitud de *certiorari* de hechos que no han de ser comprobados después por el peticionario en debida forma es una mala práctica y constituye un fundamento bastante para anular el mandamiento de *certiorari* expedido y desestimar la solicitud sin entrar a resolver las cuestiones hipotéticas planteadas en la misma.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. José G. Torres* y *José Ramón Freyre.*

El demandado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

Manuel Rivera Cintrón, por medio de su abogado, presentó un escrito debidamente jurado a esta Corte Suprema solicitando el libramiento de un auto de *certiorari* dirigido contra el Juez de la Corte de Distrito de Mayagüez, con objeto de revisar los procedimientos en el caso No. 4204 de Manuel Rivera, *in re, Agustín Silva* v. *Benigno Túa,* sobre tercería de bienes muebles.

En el escrito se alegaba, en resumen, que en el dicho procedimiento de tercería, no obstante haberse ordenado por el juez municipal que originalmente intervino en el mismo que se formulara la cuestión por escrito tal como prescribe la ley,

el demandado nunca lo hizo, limitándose a negar la demanda de tercería sin establecer la naturaleza de su derecho; que apelado el caso a la corte de distrito el tercerista pidió que, por el motivo indicado, se eliminara la contestación y se dictara sentencia sobre las alegaciones, y la corte negó la petición del tercerista; que el tercerista volvió a presentar igual cuestión basándose en que la contestación del demandado se había archivado fuera del término concedido al afecto por la corte municipal, y también le fué negada su solicitud; y que al tratar el demandado de introducir su prueba, el tercerista se opuso porque no habiendo el demandado establecido ningún hecho en su contestación estaba impedido de establecerlo por medio de la prueba en el juicio. Se alegaron además en el escrito otros llamados errores relativos a la práctica de la prueba, cuya corrección, aun en el caso de que constituyeran tales errores, no hubiera podido llevarse a efecto dentro del recurso ejercitado.

El auto solicitado fué expedido y el pleito original de tercería remitido a esta Suprema Corte. Lo hemos examinado cuidadosamente y no aparece que el tercerista se opusiera al archivo de la contestación del demandado en la fecha en que se presentó; ni que solicitara luego en la corte de distrito la eliminación de la contestación y la sentencia sobre las alegaciones a que se refiere en su solicitud; ni que se opusiera en el acto del juicio a la práctica de la prueba por parte de la demandada.

En tal virtud y sin detenernos siquiera a estudiar si en el caso de que las alegaciones consignadas en la solicitud dirigida a esta Corte Suprema fueran ciertas, procedería o nó la revisión de los procedimientos en el pleito de tercería; opinamos que debe anularse el auto expedido y devolverse el pleito a la corte de su origen, haciendo constar que no es buena práctica establecer en escritos iniciales hechos que la

parte interesada no se ha de cuidar de comprobar después en forma debida ante este tribunal.

> *Anulado el mandamiento de certiorari y desestimada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.